THORNBURG, Judge.
 

 On 4 September 2001, defendant Kenneth Earl Vick was indicted on charges of second degree rape and second degree sexual offense. On 9 September 2003, defendant was convicted on both counts. At the plea hearing, the trial court found that defendant had 20 prior record level points. The trial court then sentenced defendant as a Class C, Level VI felon to a term of 168 to 211 months in the custody of the North Carolina Department of Corrections. Defendant appeals.
 

 Defendant's sole argument on appeal is that the trial court erred in sentencing him as a prior record level VI felon. Defendant contends that the State failed to prove the existence ofthe convictions listed in his prior record level worksheet, and that he did not stipulate to any prior record level.
 

 After careful review of the record, briefs and contentions of the parties, we find no error. N.C. Gen. Stat. . 15A-1340.14 provides that the State bears the burden of proving by the preponderance of the evidence that "a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. . 15A-1340.14(f) (2003). A defendant's prior convictions may be proven by any of the following methods:
 

 (1) Stipulation of the parties.
 

 (2) An original or copy of the court record of the prior conviction.
 

 (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
 

 (4) Any other method found by the court to be reliable.
 

 Id. See also State v. Riley,
 

 159 N.C. App. 546
 
 , 556,
 
 583 S.E.2d 379
 
 , 386 (2003).
 

 In the instant case, the following colloquy occurred:
 

 THE COURT: Do you have a worksheet, Mr. Graham?
 

 THE STATE: Your honor, I'd like to go over that with counsel.
 

 THE COURT: Have you seen the worksheet, Mr. Godwin?
 

 [DEFENDANT'S COUNSEL]: Yes, sir.
 

 THE COURT: And it's a prior record level VI, is that correct?
 

 [DEFENDANT'S COUNSEL]: Yes, sir.
 

 THE COURT: And I see assault on a female multiple times on here, is that right?
 

 [DEFENDANT'S COUNSEL]: Yes, sir.
 

 THE COURT: I see seven convictions for assault on a female and other convictions for assault on law enforcement officer, communicating threats, assault on a child and so forth. Have you been over this? Is this correct?
 

 [DEFENDANT'S COUNSEL]: I did not have the one about assault on a child.
 

 The issue here is whether the comments by defendant's attorney constitute a "stipulation" to the prior convictions listed on the worksheet submitted by the State. We find
 
 State v. Eubanks,
 

 151 N.C. App. 499
 
 ,
 
 565 S.E.2d 738
 
 (2002) persuasive. In
 
 Eubanks,
 
 the trial court asked counsel if he had seen the prior record level worksheet, and if he had any objections to it. Counsel stated that he had no objection.
 
 Id.
 
 at 505,
 
 565 S.E.2d at 742
 
 . The Court noted that "[t]here is no question that a worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions."
 

 Id.
 

 (
 
 citing State v. Hanton,
 

 140 N.C. App. 679
 
 , 689,
 
 540 S.E.2d 376
 
 , 382 (2000)). However, the trial court concluded that "the statements made by the attorney representing defendant . . . may reasonably be construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet."
 
 Eubanks,
 

 151 N.C. App. at 505
 
 ,
 
 565 S.E.2d at 742
 
 ;
 
 see also State v. Hanton,
 

 140 N.C. App. 679
 
 , 690,
 
 540 S.E.2d 376
 
 , 383 (2000)(indicating thatdefense counsel's statement that he did not disagree with the worksheet constituted an admission by defendant that he had been convicted of the other charges appearing on the worksheet).
 

 Similarly, we find that counsel's statement that the worksheet was "correct" constituted an admission that he had been convicted of the charges listed on his prior record level worksheet. We can discern no meaningful difference between counsel's agreement here that the worksheet was correct and counsel's statement in
 
 Eubanks
 
 that he had no objection to the worksheet. Furthermore, the only conviction not stipulated to by counsel was assault on a child. However, this conviction was part of a group of convictions entered on 2 April 1990. Thus, any of the offenses on this date could have been used to calculate defendant's prior record level, and the assault on a child conviction was not needed in the prior record level calculation. N.C. Gen. Stat. . 15A-1340.14(d) (2003). Accordingly, we find no error.
 

 No error.
 

 Judges HUDSON and STEELMAN concur.
 

 Report per Rule 30(e).